

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00117-CR
_____

RONALD DUPAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1586115D, Honorable George Gallagher, Presiding

October 4, 2022

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ronald Dupas, appeals from the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the second-degree felony offense of possession of methamphetamine in an amount of four grams or

---

[1] Pursuant to the Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. TEX. GOV'T CODE ANN. § 73.001. Consequently, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

more but less than 200 grams, and sentencing him to serve five years in prison. Appellant challenges the trial court's judgment through two issues. That is, the trial court allegedly violated his Sixth Amendment and Due Process rights to confront and cross-examine witnesses when it admitted both the community supervision file containing "a multitude of prejudicial entries from non-testifying witnesses" and the community supervision officer's testimony referencing that document. We affirm.

### Background

The State moved to adjudicate appellant's guilt by asserting that he violated multiple conditions of his community supervision. The trial court convened a hearing on the matter at which the State proffered the testimony of appellant's probation officer. In testifying, the latter referred to a file developed by the probation office which memorialized appellant's non-compliance with the conditions of probation. Appellant objected to such testimony and the admission of the file because it contained hearsay. So too would its admission deny him his right to cross-examine witnesses, he continued. The trial court overruled the objection and ultimately found that appellant violated several conditions of his probation. That resulted in the adjudication of his guilt and conviction for the aforementioned offense.

Appellant does not re-urge his hearsay complaint on appeal. Instead, he complains of being denied his constitutional right to confront witnesses. We now address it.

### Right to Confront Witnesses

The legal grounds underlying appellant's complaint are twofold. One concerns the right to confront encompassed by the Sixth Amendment of the United States Constitution. U.S. CONST., amend. VI (stating that a criminal defendant has the right to be confronted

2

with the witnesses against him).  The other arises from the constitutional right to due process, as discussed in *Gagnon v. Scarpelli*.  *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (involving a revocation proceeding and stating that "[a]t the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing").  We address the former first.

As mentioned earlier, the court from which this matter was transferred held that the Sixth Amendment right to confront witnesses does not apply in revocation proceedings.  *See Pickins v. State*, No. 02-17-00050-CR, 2018 Tex. App. LEXIS 5528, at *10 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op., not designated for publication) (concluding that a community supervision revocation proceeding is not a stage of a criminal prosecution and thus, the Confrontation Clause is inapplicable in those proceedings).  Appellant concedes as much in his brief.   Because we are bound by that decision under Texas Rule of Appellate Procedure 41.3, we overrule this aspect of appellant's argument.

Regarding the due process right to confront, we note that appellant said nothing of "due process" within his objection below.  Nor did he mention *Scarpelli* or allude to the "conditional" opportunity to confront accusers to which it referred.  The entirety of his objection consisted of:

> Judge, I object to State's Exhibit 1 because, first of all, they're hearsay.
> Second of all, they deny this defendant the right to cross-examine because
> the persons that made most of these entries are not here to testify. I'm
> looking to see exactly when Ms. French made an entry, but she certainly
> hadn't done it in the first ten or 15 pages, but I'll get to that in a second.
> Also, it denies the defendant's right of confrontation of the witnesses that
> might have personal knowledge of what he did or didn't do.  And I don't
> believe that the State can use – essentially use a business records

exception to a hearsay rule to prove a violation – to prove up something and at the same time deny this defendant his right of confrontation of the witnesses. So I object to it.

In response, the trial court overruled the complaint and afforded appellant a running objection. We find this problematic since a party is "obligated to put the trial judge on notice of the *specific* legal theory that he intended to advocate[.]" *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (emphasis added). Indeed, the circumstances in *Pena* liken to those here.

*Pena* sought to exclude evidence by contending, among other things, its admission denied him due process under both the United States and Texas Constitutions. He said nothing of the Texas due process (i.e., due course of law) clause providing greater relief than its federal counterpart. Yet, that was the argument urged on appeal. The Court of Criminal Appeals deemed it unpreserved. It acknowledged that the general Texas concept of due process was raised at trial. Yet, the shade and phase sought to be argued on appeal (i.e., its umbrella being greater than due process afforded under the United States Constitution) was not. Nor did the context of the objection illustrate that the trial court understood that *Pena* suggested the Texas provision granted more relief. So, after noting the appellant's burden "to put the trial judge on notice of the *specific* legal theory that he intended to advocate," the Court of Criminal Appeals held "that, by failing to distinguish the rights and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, *Pena* failed to preserve his complaint that the due course of law provides greater protection for appellate review." *Id.* at 464.

Here, appellant uttered a general objection about the denial of "his right of confrontation." His appellate complaint grew more specific, though. He now attempts to

4

structure it upon two different foundations, one of which is "due process." As in *Pena*, this specific legal theory was not brought to the trial court's attention. Nor does the context of the objection indicate that the trial court understood appellant to be interjecting into the fray the *Scarpelli*/due process idea of confronting witnesses. Thus, we too conclude that "by failing to distinguish the rights and protections afforded under . . . [due process] . . . from those provided under the [Sixth] Amendment before the trial judge in this context, [appellant] failed to preserve his complaint that" his due process concept of confronting witnesses was denied him.

We further observe another problem. The right to confront within the concept of due process was "conditiona,l" according to *Scarpelli*. At bar, appellant made no effort to discuss how the circumstances before us satisfied the conditions triggering its availability. So, it can also be said that appellant provided us with inadequate briefing, given his obligation to accompany his issue with substantive analysis. *See* TEX. R. APP. P. 38.1(i) (stating that a party waives his issue on appeal by failing to accompany it with substantive analysis). *See also Royal v. State*, No. 07-19-00321-CR, 2020 Tex. App. LEXIS 5318, at *4-5 (Tex. App.—Amarillo July 14, 2020, pet. ref'd) (mem. op., not designated for publication). Thus, by providing inadequate briefing, he waived the ground.

We overrule appellant's grounds for reversal and affirm the judgment of the trial court.

Brian Quinn
Chief Justice


Do not publish.